Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5354 | **DATE** | 10/12/2010 |
| **CASE TITLE** | Garcia vs. City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Bill of Costs [132] is granted in part and denied in part. Defendants are entitled to recover $10,496.79 in costs.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Defendants move for costs after having prevailed against plaintiff Noe Garcia. Defendants are entitled to their costs as the prevailing parties, and they ask the court to tax $10,719.48 against Garcia under Rule 54(d) of the Federal Rules of Civil Procedure. There is a heavy presumption in favor of awarding costs to the prevailing party, and "[t]he burden of proof is not on the prevailing party to establish that it is entitled to costs but on the losing party to establish reasons to deny costs." *Nat'l Diamond Syndicate, Inc., v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2004 U.S. Dist. LEXIS 12742, at *3-4 (N.D. Ill. July 8, 2004). Garcia only contests the $222.69 charge for condensed transcripts and a $20.26 charge listed as "Universata." All other fees listed in the Bill of Costs are uncontested and the court finds the listed expenses to be recoverable and the amounts listed to be reasonable.[1] For the following reasons, the court grants in part and denies in part Defendants' request for costs, and awards costs totaling $10,496.79.

Deposition Transcript Fees

    Defendants seek $7,268.86 for the cost of twelve deposition transcripts. Before awarding such costs to defendants, the court must determine whether the expenses imposed on the losing party are statutorily recoverable. *Ochana v. Flores*, 206 F. Supp. 2d 941, 944 (N.D. Ill. 2002). In this case, 28 U.S.C § 1920(2) allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," which includes deposition and trial transcript costs. *Cengr v. Fusibond Piping Systems, Inc.,* 135 F.3d 445, 454 (7th Cir. 1998).

    Next the court must determine whether the expense is "both reasonable and necessary to the litigation." *Chemetall GMBH v. ZR Energy, Inc.,* No. 99 C 4334, 2001 U.S. Dist. LEXIS 23716, at *69 (N.D. Ill. Sept. 18, 2001). Garcia does not contest that the deposition transcripts were "reasonably necessary;" Garcia argues that Defendants' request of $222.69 in costs for the condensed deposition transcripts, known as "condenscripts,"

| STATEMENT |
|---|

should not be awarded because Defendants failed to demonstrate how the condenscripts were necessary to litigation and not just for the convenience of the attorney. In their response, Defendants contend that lead counsel for the defense required the condenscripts because she suffers from a health issue that limits the weight she can transport, and therefore needed to reduce the number of transcript pages she had to carry. As a general rule, the costs of condensed transcripts are not taxable because they are not necessary to litigation and are merely for the convenience of the attorney. *See Ochana,* 206 F. Supp. 2d at 945; *see also Pruitt v. City of Chicago*, No. 03 C 2877, 2005 U.S. Dist. LEXIS 23046, *6 (N.D. Ill. Oct. 5, 2005). The receipts show that five of the depositions included fees for condenscripts, with the Itemization for the Bill of Costs indicating that the total costs for these condenscripts was $222.69. Although sympathetic to defense counsel's health issue, the court agrees with Garcia that Defendants have not demonstrated that the condenscripts were necessary to litigation. The condenscripts may have been obtained because of the defense attorney's medical condition, but they were still purchased for the "convenience of the attorney." Defendants have not shown that the condenscripts were reasonably necessary for the litigation. Thus, the court reduces the award by $222.69, the cost of the condenscripts.

Other Fees

Garcia contests a $20.26 expense that was only described as "Universata, Inc." in the "Other" section of the Itemization for the Bill of Costs because Defendants did not give any explanation as to why the expense was reasonably necessary. Defendants' response stated that this was a necessary fee paid to a medical records service in order to obtain the medical records of the plaintiff. Based on Defendants' response indicating that the "Universata" charge was to obtain plaintiff's medical records, the court agrees that this is a proper cost that was reasonably necessary. A copy of plaintiff's medical records is a taxable cost. *See Ochana,* 206 F. Supp. 2d at 947.

---

[1] The other fees in the Bill of Costs include $1,485.50 for subpoena fees, $158.86 for copy fees and a total of $1806.26 for "other costs," including interpreter and expert witness fees. (*See* Bill of Costs.)